UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 19-5496 VBF (RAO) | Date: | September 25, 2019 |
| Title: | Adam J. Tenser et al. v. Robert Joshua Ryan et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS**

On June 24, 2019, Plaintiff Adam J. Tenser ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against Defendants Robert Joshua Ryan, Beth Silverman, Tannaz Mokayef, William Cotter, Robert Martindale, Maurice Jollif, Jay Velasquez, Elizabeth Dumais Miller, and multiple Does. Dkt. No. 1. Summons were issued as to the eight named defendants. Dkt. Nos. 3-10. On August 5, 2019, Plaintiff filed a "Proof of Service by Mail." Dkt. No. 17. To date, no defendants have appeared in the case.

Federal Rule of Civil Procedure 4 ("Rule 4") governs service of process in federal actions. Rule 4(m) states that an action shall be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days from the date the complaint is filed. However, with a showing of good cause from a plaintiff, the court must appropriately extend the time for service. Fed. R. Civ. P. 4(m).

Proper service of a summons and complaint upon an individual may be effectuated by personally delivering a copy of both to an individual, leaving a copy of both at the individual's dwelling with someone of suitable age and discretion who resides there, or delivering a copy of both to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). Service may also be made according to the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Service may be made by anyone who is at least 18 years of age and not a party to the action. Fed. R. Civ. P. 4(c)(2).

California permits service by first-class mail. Cal. Civ. Proc. Code § 415.30. Service by mail is deemed complete on the date a written acknowledgement of receipt of summons is executed. Cal. Civ. Proc. Code § 415.30(c).

| | | | |
|---|---|---|---|
| Case No.: | CV 19-5496 VBF (RAO) | Date: | September 25, 2019 |
| Title: | Adam J. Tenser et al. v. Robert Joshua Ryan et al. | | |

The complaint was filed in this case on June 24, 2019. Under Rule 4(m), Plaintiff was required to serve the defendants with the summons and complaint by September 23, 2019.

On August 5, 2019, Plaintiff filed a proof of service. Dkt. No. 17. The proof of service indicates that on June 27, 2019, an individual named Miracle Davis mailed the complaint to the State of California Department of Justice and the State of California Department of General Services. *See id.* Neither of these entities are named defendants. There is no proof of service indicating that the complaint was mailed to any named defendant.

Even if the complaint had been mailed to the named defendants on June 27, 2019, it does not appear that the other requirements of service by mail have been met. Service by mail under California law requires that a copy of the summons and the complaint be mailed to the person being served, together with two copies of a notice and acknowledgement and a return envelope, postage prepaid, addressed to the sender. Cal. Civ. Proc. Code § 415.30(a). The proof of service filed on August 5, 2019 indicates that only the complaint was mailed. *See* Dkt. No. 17. Additionally, service by mail "is valid only if a signed acknowledgement is returned." *Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994) (citing Cal. Civ. Proc. Code § 415.30); *see also Tandy Corp. v. Superior Court*, 117 Cal. App. 3d 911, 913 (1981) (finding a postal service return receipt is not a substitute for an executed acknowledgement of receipt of summons). Here, there is no indication that a signed acknowledgement of receipt has been returned.

Because no valid proof of service has been filed within the Rule 4(m) period, this case is subject to dismissal without prejudice. Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed pursuant to Rule 4(m) for Plaintiff's failure to properly effectuate service. Plaintiff shall file his response no later than **October 9, 2019**.

**If Plaintiff fails to file a timely response to this Order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | dl |